```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

MARTREK D. WINGO,

    Plaintiff,

vs.                                                  No. 2:14-cv-02643-SHM-dkv

TWITTER, INC.

    Defendant.

### REPORT AND RECOMMENDATION TO TRANSFER VENUE

On August 20, 2014, Plaintiff Martrek D. Wingo ("Wingo"), a resident of Memphis, Tennessee, filed a 38-page *pro se* complaint against the social media website Twitter, Inc. ("Twitter") for physical injuries and emotional distress he allegedly suffered due to Twitter's inadequacy in blocking unwanted and disturbing content. (Compl., ECF No. 1.) Before the court is the September 26, 2014 motion of Twitter to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, to transfer venue under 28 U.S.C. 1404(a) pursuant to a forum selection clause. (ECF No. 11.) Wingo did not file a response in opposition to Twitter's motion to dismiss, or, in the alternative, to transfer venue, but notified opposing counsel that he did not plan on filing any opposition to the motion. (*See* ECF No. 13.) This case has been referred to the United States Magistrate Judge for

management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)  For the reasons that follow, it is recommended that this case be transferred under 28 U.S.C. § 1404(a).

I.   PROPOSED FINDINGS OF FACT

In his complaint entitled, "My Personal Complaint Against Twitter," Wingo alleges that, while using the Twitter site, "a person linked themselves to [Wingo's] page through a retweet feature and [] their page shows someone who appears to have a fantasy or reality semi hidden murder suicide plot to harm a celebrity singer." (Compl. 2, ECF No. 1.)  Wingo alleges that this event "caused [him] so much shock that [he] passed out hitting the side of [his] mouth, and broke off [his] back left wisdom tooth that was swallowed." (*Id.*)  Wingo is suing Twitter for this personal injury and the "emotional distress and mental anguish before, during, and after [his] personal injury" in the amount of $20 million, along with "[c]ompensatory and [p]unitive damages to be determined by [j]ury." (*Id.*; Pl.'s Supporting Docs. 1, ECF No. 1-1.)

II.   PROPOSED CONCLUSIONS OF LAW

A.   <u>Subject-Matter Jurisdiction</u>

According to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter

2

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)(citations omitted). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983); *see also Johnson v. New York*, 315 F. App'x 394, 395 (3d Cir. 2009); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)(complaint did not properly allege diversity jurisdiction); *Leys v. Lowe's Home Ctrs., Inc.*, 601 F. Supp. 2d 908, 912-13 (W.D. Mich. 2009)(complaint and notice of removal did not adequately establish diversity jurisdiction); *Ellis v. Kaye-Kibbey*, No. 1:07-cv-910, 2008 WL 2696891, at *2-3 (W.D. Mich. July 1, 2008)(dismissing complaint for failure adequately to allege facts establishing diversity of citizenship despite conclusory allegation that diversity exists). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business."

Although Wingo does not assert that the court has diversity jurisdiction under 28 U.S.C. § 1332, he has plead sufficient

3

facts to establish the citizenship of both parties and the amount in controversy. (Compl., ECF No. 1.) Wingo stated in his complaint that his address is 4194 Evening Star Cove, Memphis, Tennessee 38125. (*Id.*) "State citizenship for the purpose of the diversity requirement is equated with domicile." *Farmer v. Fisher*, 386 F. App'x 554, 557 (6th Cir. 2010)(quotation omitted). Therefore, Wingo is a citizen of Tennessee.

Further, Wingo stated that Twitter's address is 1355 Market Street, San Francisco, California 94103. (Compl. 1, ECF No. 1.) Additionally, according to the Tennessee Secretary of State, Twitter is not incorporated in Tennessee. Lastly, the amount in controversy threshold is satisfied in this case because Wingo is seeking $20 million in damages. (Pl.'s Supporting Docs. 1, ECF No. 1-1.) Accordingly, the court has diversity jurisdiction over this action.

B.   Transfer of Venue Under 1404(a)

Twitter seeks a transfer of venue to the Northern District of California pursuant 28 U.S.C. § 1404(a) based on a forum-selection clause in Twitter's Terms of Service, which states the following:

> These Terms and any action related thereto will be governed by the laws of the State of California without regard to or application of its conflict of law provisions of your state or country of residence. All claims, legal proceedings or litigation arising in

4

      connection with the Services will be brought solely in the federal or state courts located in San Francisco, California, United States and you consent to the jurisdiction of and venue of such courts and waive any objection as to inconvenient forum.

(Def.'s Mot. to Dismiss or Transfer 10, ECF No. 11-1.)[1] In his complaint, Wingo alleges that he is a Twitter user, and as such he agreed to Twitter's Terms of Service when he initially registered to use Twitter and each time he accessed the service after registration. (*Id.* at 9.)

    Section 1404(a) permits a court, in its discretion, to "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A forum-selection clause is "'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'" *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1136 (6th Cir. 1991) (quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)); *Clayton v. Heartland Res. Inc.*, No. 3:08-cv-0513, 2008 WL 2697430, at *3 (M.D. Tenn. June 30, 2008).

---

[1] The court may consider Twitter's Terms of Service because Wingo has referred to them in his complaint, (Pl.'s Supporting Docs. 3-4, ECF No. 1-1), they are central to this motion, and they are a public record. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)("'[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'" (quoting *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997))). Twitter's Terms of Service are publicly available at https://twitter.com/tos.

More recently, the Supreme Court has held that while ordinarily a district court considering a § 1404(a) motion must evaluate the "convenience of parties and witnesses" and "the interest of justice," a forum-selection clause changes this analysis. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013). A forum-selection clause "represents the parties' agreement as to the most proper forum," and as such it should be given "controlling weight in all but the most exceptional cases." *Id.* at 581 (quotations omitted). The party defying the forum-selection clause "bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* By consenting to a forum-selection clause, the plaintiff has waived the privilege to bring suit in the forum of his choice as well as the right to challenge the preselected forum as inconvenient. *Id.* at 581-82. "As a consequence, a district court may consider arguments about public-interest factors only."[2] *Id.* at 582.

In the instant case, the parties have agreed that any legal proceedings will be brought solely in federal or state courts located in San Francisco County, California. (*See* Def.'s Mot.

---

[2]Public-interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine Const. Co.*, 134 S. Ct. at 581 n.6 (quotation omitted).

to Dismiss or Transfer 10, ECF No. 11-1.)  By agreeing to the forum-selection clause, Wingo "waive[d] the right to challenge the preselected forum as inconvenient or less convenient for [him] or [his] witnesses, or for [his] pursuit of the litigation."  *Atl. Marine Const.*, 134 S. Ct. at 582.  Further, Wingo has not filed a response to Twitter's motion to transfer venue, therefore, he has not challenged the forum-selection clause in this case.  Thus, Wingo has failed to show any public-interest factors that would preclude the court from transferring the case to the forum to which the parties agreed.  *Id.* at 582.  Accordingly, the court recommends that the forum-selection clause be enforced and the case be transferred to the Northern District of California.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the case be transferred pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted this 25th day of November, 2014.

s/ Diane K. Vescovo  
Diane K. Vescovo  
United States Magistrate Judge

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.